IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04 CR 889-2 |
| NORMAN THOMAS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Counsel for defendant Norman Thomas ("Thomas") has filed a thoughtful Motion To Strike Arrests from the Presentence Investigation Report, to which the United States has in turn filed a written response. When the motion was first presented for consideration less than two weeks ago, this Court expressed its view as to the undesirability of having such a newly-presented (and to this Court's knowledge unprecedented) motion acted on as an individual matter, given the motion's challenge to basic Bureau of Prisons policy and the concern that the issuance of judge-by-judge decisions on the subject could create "unwarranted disparities" in the treatment of criminal defendants (cf. 18 U.S.C. §3553(a)(6), reflecting the same concern in the context of imposing sentences). Unfortunately it has proved impossible to schedule consideration of the matter at an early meeting of the judges of this District Court, so this Court will address the issue on its own.

It is regrettable that the two pages of argument in the

government's response are no better than makeweight as an analytical matter. Included among the exhibits to the motion is the Bureau's Security Designation and Custody Classification Manual, chapter 5 item 18 of which concludes the directive to Bureau personnel as to filling out security designation data with "Remarks" that begin this way:

> Enter relevant information that may have an impact on the designation process or the transportation of the inmate (e.g., medical or psychiatric information, substance abuse history, or arrest behavior with no convictions).

In that respect, nothing is really said in the government's current response other than that sole discretion is vested in the Bureau of Prisons to make custodial decisions and that arrests that have not led to convictions (or sometimes even to criminal charges) are part of the "history and characteristics" of a convicted defendant--essentially a statement of conclusions without any backup in reasoning.

That said, however, this Court is compelled to recognize the division of function that Congress has prescribed. Sentencing is a judicial function, but once that task is completed the Bureau of Prisons assumes exclusive control. So long as it is not actually unconstitutional to view arrests as "relevant" (and no contention has been advanced that it is), this Court's own views as to the unwisdom of that Bureau policy cannot prevail.

Accordingly Thomas' motion to strike his record of arrests

2

from the presentence investigation report is denied. It can only be hoped that the Bureau will exercise its discretion prudently by minimizing any likelihood of basing adverse decisions on arrests that do not carry with them the taint of criminal guilt.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 21, 2006