IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No.  04 CR 889-2 |
| ) | 04 CR 889-3 |
| NORMAN THOMAS and ) | |
| DEREK CUNNINGHAM, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This Court's July 7, 2008 memorandum opinion and order ("Opinion") addressed and resolved the motion filed by one of the defendants in this case, Norman Cole ("Cole"), seeking to invoke the provisions of 18 U.S.C. §3582(c)(2)[1] to obtain a reduction in his crack-cocaine-related sentence. That resolution of Cole's motion did not compel a choice between conflicting readings that had emanated from some other courts as to the permissible scope of reexamination of such a defendant's original sentence, because Cole's plea agreement had prescribed his sentence under Fed. R. Crim. P. ("Rule") 11(c)(1)(C) in terms such that his revised custodial sentence--which again had to be grounded in the contract that had been created by that plea agreement--was preordained.

Now Cole's codefendants Norman Thomas ("Thomas") and Derek Cunningham ("Cunningham") have filed like motions for reduction

---

[1] All further references to Title 18's provisions will simply take the form "Section--."

of their original custodial sentences. Neither of their original plea agreements had contained the same Rule 11(c)(1)(C) grounding as Cole's, so this Court is now faced with the need to choose between the earlier-mentioned differing views as to the application of Section 3582(c)(2). In that respect, even though neither of the polar-opposite decisions by this Court's colleagues Honorable Matthew Kennelly (embodied in his April 28, 2008 opinion in United States v. Witherspoon, 02 CR 491) and Honorable Charles Kocoras (set out in his June 30, 2008 opinion in United States v. Shelby, 95 CR 69, 2008 U.S. Dist. LEXIS 50596) is of course binding on this Court (as no district court opinion is), they provide useful articulations of the analyses involved in arriving at such different destinations.

On that score this Court sees no need "to gild refined gold, to paint the lily, to throw a perfume on the violet."[2] It finds both the reasoning and the result of Judge Kennelly's Witherspoon opinion fully persuasive--and because that opinion is (perhaps inexplicably) not available on either Westlaw or LEXIS, this opinion attaches and adopts the Kennelly opinion in its entirety.[3]

---

[2] William Shakespeare, King John, act 4, sc. 2, lines 11-12.

[3] Indeed, given this Court's view as to the persuasiveness of the Witherspoon opinion and its entitlement to broader circulation, this Court has opted to publish this opinion--not at all for itself, but rather to provide a wider audience with

2

Under the circumstances applicable to Thomas and Cunningham (as was the case with Cole as well), there is no need for an evidentiary hearing. Each of the two was originally sentenced at the low end of his range prescribed by the then-applicable Sentencing Guidelines, and in each case a sentence at the low end of the now-revised Guidelines is plainly called for by the provisions of Section 3553(a)--particularly, though not solely, the determination that such a low-end sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2). Accordingly Thomas' custodial sentence is reduced to 87 months and Cunningham's is reduced to 70 months, with all other provisions of each sentence remaining the same.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 17, 2008

---

access to that view.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 CR 491 | DATE | 4/28/2008 |
| CASE TITLE | United States vs. Pharoo Witherspoon | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendant's motion for retroactive application and his motion to reduce sentence and will, by separate order, reduce the prison term previously imposed upon defendant to a term of 87 months from the original term of 108 months. The Court declines, for the reasons stated below, defendant's request for a full resentencing.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pharoo Witherspoon has moved pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence, as a result of recent amendments to Sentencing Guideline § 2D1.1. The Court grants his motion and reduces Mr. Witherspoon's sentence from 108 months to 87 months but declines his request to conduct a full resentencing for the reasons stated below.

Mr. Witherspoon pled guilty to a charge of distributing crack cocaine. Under the Sentencing Guidelines, his criminal history category was I and his offense level was 31, which produced a Guidelines sentencing range of 108 to 135 months. In March 2003, the Court imposed a 108 month prison term, the low end of the range.

At the time the Court sentenced Mr. Witherspoon, it imposed the sentence based on the common understanding that compliance with the terms of the Sentencing Guidelines was mandatory. Following *United States v. Booker*, 543 U.S. 220 (2005), however, the Guidelines are no longer a mandatory sentencing regime, and the applicable Guidelines sentencing range is now just one of several factors the Court must consider in imposing sentence.

In November 2007, the Sentencing Commission amended Guideline § 2D1.1, providing for reduced offense levels for crack cocaine offenses. In December 2007, the Commission made the change retroactive. At the same time, the Commission issued a revised version of Guideline § 1B1.10, which concerns situations in which a defendant's sentence may be reduced due to a post-sentencing change in the applicable Guideline. As a result of the revision of Guideline § 2D1.1, Mr. Witherspoon's offense level is now 29, and the Guideline range is 87 to 108 months.

Mr. Witherspoon has moved to reduce his sentence, arguing that he should get, at a minimum, a reduction to 87 months, the low end of the now-applicable Guideline range. He also argues, however, that the Court

## STATEMENT

should conduct a full, post-*Booker* type resentencing and impose a sentence lower than 87 months. The government does not oppose a reduction of Mr. Witherspoon's sentence to 87 months but argues that he is not entitled to a full resentencing.

The general rule is that a Court may not revise a sentence after imposing it. 18 U.S.C. § 3582(c). The exceptions to this rule are very limited. They include the authority granted by Federal Rule of Criminal Procedure 35; certain authority granted to the Bureau of Prisons; and reductions based upon subsequently-reduced Guidelines sentencing ranges. *See id.* § 3582(c)(1)-(2). The only authority upon which Mr. Witherspoon may obtain a reduction is section 3582(c)(2), which provides:

> In a case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In this case, the "applicable policy statement[ ] issued by the Sentencing Commission" is the amended version of Guideline § 1B1.10. As relevant in this case, § 1B1.10(b) requires the court to determine the amended guideline range that would have applied if the recent amendment to Guideline § 2D1.1 had been in effect at the time of sentencing, and it provides that with an inapplicable exception, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" thus determined. Guideline § 1B1.10(b)(1) & (2)(A). In addition, Guideline § 1B1.10(a) states that proceedings under § 3582(c)(2) and Guideline § 1B1.10 "do not constitute a full resentencing of the defendant." *Id.* § 1B1.10(a)(3).

Despite the terms of § 3582(c)(2) and Guideline § 1B1.10(a)(3), Mr. Witherspoon seeks a resentencing based on the standards that would have applied had *Booker* been decided before he was sentenced in the first instance – namely, resentencing under an advisory Guidelines regime as opposed to the mandatory regime then in place. The Court rejects this request. Section 3582(c) generally prohibits resentencing but allows for exceptions. Those exceptions cannot be read more broadly than Congress intended them. Congress made Guideline § 1B1.10's policy statements the applicable law for determining whether and to what extent a court may reduce a sentence after a provision fo the Guidelines is amended retroactively. *See, e.g., United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994). The Seventh Circuit has held that a proceeding under § 3582(c)(2) is "not a do-over of the original sentencing," *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) -- in other words, it is not a full resentencing. For these reasons, a court is prohibited from making a reduction below the amended Guideline range, except in certain narrow circumstances contemplated in Guideline § 1B1.10(b)(2)(B) that do not exist in Mr. Witherspoon's case. *See, e.g., United States v. Hasan*, 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc).

The Court also disagrees with Mr. Witherspoon's contention that the Sentencing Commission's limitation on sentence reductions resulting from the changes to the crack cocaine guidelines is inconsistent with section 3582(c)(2). Mr. Witherspoon's argument, in essence, goes as follows: section 3582(c)(2) expressly requires "consider[ation of] the factors set forth in section 3553(a) to the extent that they are applicable"; that, in turn, requires consideration of the "unwarranted sentence disparities" between persons convicted of powder cocaine offenses and those convicted of crack cocaine offenses that led to the recent amendments to

## STATEMENT

Guideline § 2D1.1; the Commission concededly did not eliminate those disparities in the recent amendments; and thus a limitation on reductions in a case like this one to the low end of the revised Guideline range effectively prevents a court from "considering the factors set forth in section 3553(a)" that might warrant a still-lower sentence. Though this argument has some logical appeal, the Court believes that the statute's reference to the section 3553(a) factors "to the extent that they are applicable" is intended to express a court's authority to consider those factors in determining whether a reduction is warranted, and how much of a reduction is warranted within the limitations imposed by the Sentencing Commission pursuant to the authority delegated by Congress. Neither section 3582(c)(2) nor Guideline § 1B1.10 *entitles* a defendant to a sentence reduction when the applicable Guideline range is reduced retroactively; the statute specifically states that a judge "may reduce" the sentence, not that a judge must reduce the sentence. *See Tidwell*, 178 F.3d at 949 (sentence reduction under § 3582(c) is discretionary). The section 3553(a) factors inform a court's exercise of its discretion in this regard. The statute's text does not suggest that by referring to section 3553(a), Congress intended to allow judges to go beyond what the Sentencing Commission permits in reducing a sentence; indeed, the statute specifically says just the opposite when it requires reductions to be "consistent with" the Sentencing Commission's policy statements.

Finally, the Court disagrees with Mr. Witherspoon's contention that application of section 3582(c)(2)'s limitations on the nature and degree of a sentence reduction run afoul of *Booker*. *Booker* concerns constitutional limitations on *increasing* a sentence beyond what is considered the prescribed maximum without a jury finding, not, as in this case, to *decreasing* a sentence. Section 3582(c)(2) concerns only sentence reductions and thus does not implicate *Booker* or the constitutional limitations upon which that decision was premised.

For these reasons, the Court grants defendant's motion to reduce sentence but denies his request for a full resentencing. The sentence is reduced to provide for a term of imprisonment of 87 months in place of the 108 month term originally imposed; all other provisions of the sentence remain as-is.